The opinion of the Court was delivered by
Glover, J.
The decision of this case. depends upon the due execution of the paper propounded for probate, and the points made limit our inquiries to the sufficiency of the signing and of the attestation.
It has been objected to the attestation that the witnesses were not present at onej and the same time. They are required not only to see the testator sign, and thereby to prevent the fraudulent substitution of another paper, but, in contemplation of law, they are present to protect him from undue influence and to judge of his capacity; and for the effectual performance of these duties the Legislature may have intended that they should have attested simul et semel. The construction of the Act, however, has been otherwise, *143 and it has been held, that the witnesses may attest and subscribe severally and at different times. Another objection to the attestation is, that Samuel Gordon did not subscribe in the presence of the testatrix. Whether she saw him subscribe depends upon her position at the time. If she then stood-at the door post she might have seen because she was “ within view,” which words have been held synonymous to “ in the presence.” A more important objection is, that Gordon did not see the testatrix sign. Witnesses are required to attest the signing, and the words of the Act plainly imply that they shall attest the factum of signing. But a more liberal construction has been adopted, and it is now well settled that the acknowledgment of the testator that it is his handwriting — his will, &c., is a sufficient attestation of the act of signing. It did not appear that either attestator saw the corporal act of signing, except it be inferred from the proof of Kingsley’s handwriting who is dead; and in the absence of such proof effect can be given to the signing in no other way than by showing the explicit acknowledgment of the testatrix made to the witness and in reference to the will which she requested him to attest and subscribe. There was no evidence of any declaration made by the testatrix to Samuel Gordon that this was her will, or any request that he should attest her will. Gordon says, he never heard her speak of her will either before or after the attestation. Other persons heard her speak of a will; but this is not an acknowledgment superseding the factum of signing in the presence of the subscribing witness, as it was neither made to him nor identified the will he had attested, unless the identity may be inferred from the fact that she spoke of a will by which no provision was made for Mrs. Oxner. To permit such an acknowledgment to supply the place of actual signing would be a greater departure from the language of the Act than has ever been authorized.
*144 We are, therefore of opinion that Samuel Gordon did not see the testatrix sign the will either by writing her name in his presence, or by any subsequent acknowledgment of her signature to him, and that the evidence sustains the verdict of the jury.
Motion dismissed.
O’Neall, Wardlaw, and Munro, JJ., concurred-

Motion dismissed.